UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY BROWN,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**JOEL TANIS & SONS, INC.,** *et al.*,<br><br>      **Defendants.** | Civ. No. 2:13-cv-02984 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Anthony Brown filed this employment discrimination case against his employer, Joel Tanis & Sons, Inc. and seven of his coworkers (together, "Defendants"). Plaintiff alleges that, since September 2005, Defendants have repeatedly called him derogatory racial slurs and harassed him because of his race. SAC ¶¶ 21, 24. Plaintiff further alleges that after he reported the abuse the harassment intensified. SAC ¶ 32.[1]

      Six of the seven coworker Defendants – Todd Dages, Daniel Evers, John Johnson, John Mernick, Marlon Orellana, and Raymond Hazelgreen – previously moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court partially granted and partially denied that motion. Defendants move for partial reconsideration of that decision. Defendants contend that the Court should have dismissed Count 7 of Plaintiff's Second Amended Complaint ("SAC"), which asserts a claim for intentional infliction of emotional distress ("IIED"), as against Defendants Mernick and Orellana. Specifically, Defendants argue that the Court failed to consider their argument that the IIED claim against Defendants Mernick and Orellana is time-barred. For the reasons explained below, the Court will **DENY** Defendants' motion.

      A court may grant a motion for reconsideration only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v.*

---

[1] Because the Court writes solely for the benefit of the parties, it assumes the reader is familiar with the pertinent background facts. For a more complete recitation of the applicable facts, please refer to the Court's June 13, 2014 Opinion in this case. *Brown v. Joel Tanis & Sons, Inc.*, No. 13-02984, 2014 WL 2705262 (D.N.J. June 13, 2014).

1

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  See In re Rose, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).

  Here, the Court considered the arguments and facts previously raised and did not make any clear errors.  Contrary to Defendants' argument, the SAC does not state that Mernick's misconduct ended in 2009 and Orellana's misconduct ended in 2010.  Just because the SAC alleges that a Defendant engaged in certain misconduct on a specific date does not mean that all misconduct by that Defendant ended on the date specified.  Rather, reading the SAC in a light most favorable to Plaintiff, it alleges that all Defendants repeatedly harassed Plaintiff up until the filing date.  For instance, paragraph 20 of the SAC alleges that "Defendants have called Plaintiff a Nigger or some other form of racial slur like that well over 1,000 times on an ongoing basis since Plaintiff began working there 8 years ago."  And paragraph 30 alleges that "Defendants have called Plaintiff a Nigger or some other racial term over and over again at work.  These were not isolated incidents.  Rather, they occurred throughout Plaintiff's employment and even still now."

  If a statute of limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  Accordingly, Defendants' motion for reconsideration is **DENIED**.  However, if discovery indicates that either Mernick or Orellana did not participate in any wrongdoing within the two-year statute of limitations for an IIED claim, Defendants may re-raise their argument.  An appropriate order follows.

                 /s/ William J. Martini
                 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 23, 2014**